GEORGE W. ENGLISH *et al.*
*v.*
JOHN FAULDS.

PRACTICE—*on change of venue.*   In transferring causes on an order had in vacation before the trial term, it is not necessary the transmitting clerk should make a transcript of the summons and declaration.   A certified copy of the order, and the transmission of the original files, with a proper certificate, is sufficient to give the receiving court jurisdiction, where the files show jurisdiction in the court from which the cause came.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

Mr. E. S. TERRY, for the plaintiffs in error.

Mr. E. H. BRACKETT, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case, brought by the defendant in error against the plaintiffs in error, in Vermilion county, and

taken by change of venue to Ford county on the application of the plaintiff below. A judgment by default having been rendered in the latter county, the damages were assessed by a jury at $5,000, for which sum the court gave judgment. The defendants below have brought the record here, and ask a reversal of the judgment on the ground that the circuit court of Ford county acquired no jurisdiction.

It is urged by counsel for plaintiffs in error, that no record was transmitted from Vermilion to Ford county, showing that a writ had been served or a declaration filed, although it is admitted the original papers were transmitted, and among them the summons, duly served, and the declaration.

We can not regard the objection as well taken. The summons was issued by the circuit court of Vermilion county on the 8th day of May, 1869, returnable to the next September term. It was duly served on the 11th day of May. On the 21st of May, an application was made to the judge at chambers for an order changing the venue, the necessary affidavit having been filed and due notice given. The judge made the order in writing, and transmitted it to the clerk of the court of Vermilion county, who thereupon entered the order of record as an order made in vacation. This order was recorded with the appropriate caption, showing it was an order made in this case in vacation. The clerk transmitted to Ford county a copy of this order, together with all the original papers pertaining to the case, and his certificate in due form under the seal of the court, stating that the copy of the order was a true and complete copy of the record and proceedings in the cause, and that he sent, therewith, all the papers pertaining to said cause, on file in his office, numbered from one to seven. The certificate is in due form.

It is apparent from this statement of the case, that no more complete record could have been sent than that which was transmitted. All the proceedings were in vacation, and no order had been made except that changing the venue, and this the statute authorizes to be made in vacation. The objection

is, that the record did not show a summons had been issued, or declaration filed. The summons and declaration are not recorded, in our practice, and the statute in regard to change of venue, instead of authorizing the clerk to send a certificate of what papers had been filed, directs that the papers should themselves be sent.

The summons and declaration in this case, when sent to Ford county, became the files of that court, and the court was informed by the indorsement upon them, when the summons was served and returned, and when the declaration was filed. A certificate by the clerk that the summons had been issued and the declaration filed on a particular day, could have added no authenticity to the original summons and declaration transmitted by him to the circuit court of Ford county, and was not necessary to give that court jurisdiction.

*Judgment affirmed.*